802 F.2d 451
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellees,
v.
Carl DOWELL, Appellant.
 No. 85-5562.
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1986.
Decided Oct. 1, 1986.
 
 Anthony R. Gallagher, Assistant Federal Public Defender, and Susan M.Bauer, Student Counsel (Fred Warren Bennett, Federal Public Defender, on brief), for appellant.
 Wendy P. Arnell, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; Peter M. Semel, Assistant United States Attorney, on brief), for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carl Dowell was tried by a jury in the United States District Court for the District of Maryland and convicted of rape, in violation of 18 U.S.C. Secs. 7 and 2031; carnal knowledge of a female under sixteen years of age, in violation of 18 U.S.C. Secs. 7 and 2032; sexual child abuse, in violation of 18 U.S.C. Secs. 7 and 13 and Md. Code Ann., Art. 27, Sec. 35A; and assault, in violation of 18 U.S.C. Secs. 7 and 133(e), all committed within the special territorial jurisdiction of the United States. Dowell was sentenced to a total of 20 years of imprisonment.
 
 
 2
 Dowell appeals, claiming that the attorney for the govern ment improperly commented to the jury on his failure to testify on his own behalf and that a fatal variance existed between the time of the offense as charged in the indictment and as proven at trial. We see no merit to these contentions, and affirm.
 
 
 3
 In 1984, Carl Dowell met Denise Anderson, mother of Kazuyko Anderson, the minor female victim.[1] Dowell and Mrs. Anderson discussed the possibility of their enrolling in classes at the Occupational Industrial Center in Annapolis, Maryland. The two carpooled on several occasions while making preparations to begin classes. During this time, Dowell met Coco Anderson.
 
 
 4
 Later, in June or July 1984, Dowell offered a ride to Coco as he went to pick up his daughter. Mrs. Anderson consented, and Coco accompanied Dowell in his car. Instead of going to pick up his daughter, however, Dowell took Coco to his house at Fort Meade, Maryland. There, DGwell disrobed and asked Coco to remove her clothes. When she refused, Dowell removed her clothes, held her down on his bed and had sexual intercourse with her. Dowell then instructed Coco that the events of that day were a secret and she should not tell anyone.
 
 
 5
 When Coco next saw her mother, she tried to tell her of the incident but her mother was involved in another conversation. Upon seeing Dowell's car in January 1985, Coco remarked to her mother that Dowell was the kind of man who did nasty things to little girls. Coco then told her mother of the incident from the previous summer. Mrs. Anderson took Coco to a gynecologist for examination. The result of that medical examination was inconclusive.
 
 
 6
 Dowell first argues that his conviction should be reversed because the government improperly commented to the jury upon his failure to testify. During closing argument, the Assistant United States Attorney stated that the case boiled down to Coco's testimony and that there were only two witnesses to the crime, Coco and the defendant. But the remark was made in the context of saying that Coco had no motive to lie. Dowell argues that this remark was impermissible since it indirectly commented on his failure to testify.
 
 
 7
 Defense counsel did not object to the offending statement during the initial closing argument by the government, but instead remained silent. Defense counsel then proceeded with his closing argument and the government gave its rebuttal argument. Only at its conclusion did counsel ask for a mistrial. We conclude that such a late objection was not timely under our holding in United States v. Elmore, 423 F.2d 775 Sec. 780-781 (4th Cir. 1970). Even if we consider the merits of the objection as an exceptional circumstance mentioned in Elmore, which it is not, we also find that the prosecutor's remarks taken in context with the entirety of the closing argument did not violate the standard set out in United States v. Whitehead, 618 F.2d 523 (4th Cir. 1980). We find no merit in Dowell' § claims regarding particular portions of the government's rebuttal argument because defense counsel did not raise an objection at any time in the district court, Dennis v. General Electric Corp., 762 F.2d 365 (4th Cir. 1985), and also because the statements were in reply to statements made by defense counsel in his closing argument.
 
 
 8
 We also find no merit in Dowell's claim that the date of the crime as stated in his indictment and the date proven at trial by the government were fatally at variance.
 
 
 9
 The conviction appealed from is accordingly
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Kazuyko was also known as Coco and is so referred to in this opinion. Coco was eight years old at the time of the crime